# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRELL WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIAN A. BLEDSOE, JOHN ADAMI, D. HUDSON, B. TRATE, KISSELL, VANSICKLE, S. HEATH, JOHN DOE OFFICER-IN-CHARGE, and THE UNITED STATES OF AMERICA,<br><br>    Defendants. | CIVIL ACTION NO. 3:CV-12-1235<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE CARLSON) |

## **MEMORANDUM**

Presently before the Court is Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 25) to Defendants' Motion to Dismiss and for Summary Judgment (Doc. 7.) Magistrate Judge Carlson recommends that the motion be denied without prejudice to Defendants renewing their request for summary judgment in a properly filed motion after the parties engage in discovery. Defendants filed timely objections to the Report and Recommendation. Because I agree with Magistrate Judge Carlson's recommendations, the Report and Recommendation will be adopted in its entirety, Defendants' objections will be overruled, and the motion to dismiss and for summary judgment will be denied without prejudice.

## **I. Background**

The facts are set forth in the Report and Recommendation and will not be repeated at length herein. For purposes of resolving the instant objections to the Report and Recommendation, it is sufficient to note that during the times relevant to this action, Plaintiff Darrell Williams ("Williams") was an inmate at the United States Penitentiary at Lewisburg, within that institution's special management unit ("SMU"). Although initially celled alone

when he arrived at USP Lewisburg, soon after his arrival he was placed in a cell with Qusai Mahasin ("Mahasin") despite his objections.

Williams claims that in early October 2010, he began notifying Defendants Vansickle, Kissell, Adami, Trate, and Bledsoe that he was experiencing unspecified problems with Mahasin, and he requested orally and in writing that he be transferred to another cell. No action was taken to remove Williams from his cell assignment.

On October 22, 2010, shortly after 1:00 a.m., Mahasin attacked Williams as he slept, subjecting him to a brutal beating. Mahasin repeatedly struck Williams with his fists and elbows in the torso and head. Williams suffered a fractured jaw, other injuries, and was rendered unconscious as a result of the attack. Williams was taken to a medical center, where he alleges that he had his jaw wired shut. Williams was released from the medical center approximately one week later.

Following surgery, Williams' physician recommended that he be placed in a single cell. Nevertheless, on December 25, 2010, Williams was celled with A. Light ("Light"). On January 5, 2011, Light began threatening Williams with violence. Williams responded by notifying Defendants by letter that he wanted to be removed from the cell due to the problems that were developing with Light. Williams was not removed from the cell.

On January 13, 2011, Light assaulted Williams in their cell. Williams claims that Light re-broke his jaw during the assault. As a result, Williams was hospitalized. Based on these attacks, Williams claims to have suffered nerve damage. Williams also suffers continuing bouts of dizziness, nausea, and vomiting, which require a regiment of medications to alleviate his pain. He also claims to have suffered lasting psychological trauma as a result of these attacks.

Williams, through counsel, commenced this action by filing a complaint on June 27, 2012. On July 17, 2012, Williams filed an Amended Complaint asserting Eighth

Amendment failure to protect claims (Counts I and II) and a Federal Tort Claims Act claim (Count III) against the United States. Defendants filed a motion to dismiss and for summary judgment on December 18, 2012. After Defendants' motion was fully briefed, Magistrate Judge Carlson, on August 8, 2013, issued the Report and Recommendation recommending that the motion be denied without prejudice to Defendants renewing their request for summary judgment after the parties engaged in discovery. On August 22, 2013, Defendants filed timely objections to the Report and Recommendation. Defendants' objections are now fully briefed and ripe for disposition.

## II. Legal Standards

### A. Reviewing a Report and Recommendation

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376-77 (M.D.

Pa. 1998).

**B.    Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1)

4

identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar.*, 998 F.2d at 1196. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

**C.    Motion for Summary Judgment**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 70 (3d Cir. 1996). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*. Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* 2D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2727 (2d ed.1983). The moving party may present its own evidence or, where the non-moving party has the burden of proof, simply point out to the court that "the non-moving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"When considering whether there exist genuine issues of material fact, the court is

required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id*. (quoting *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. Discussion

As noted, Magistrate Judge Carlson recommends that Defendants' motion to dismiss and for summary judgment be denied. Defendants raise four objections to the Report and Recommendation. First, Defendants assert that Williams failed to exhaust his claims concerning the first assault in October 2010. Second, Defendants argue that the Amended Complaint fails to state a claim regarding the October 2010 assault. Third, Defendants

7

contend that Williams fails to state a claim regarding the assault in January 2011. And, fourth, Defendants maintain that the Federal Tort Claims Act claim is barred by the discretionary function exception.

Defendants' first objection to the Report and Recommendation will be overruled. The Prison Litigation Reform Act ("PLRA") requires that a prisoner asserting a *Bivens*[1] claim first exhaust all administrative remedies available to him. *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S. Ct. 2378, 2383, 165 L. Ed. 2d 368 (2006). Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil-rights action. *Jones v. Bock*, 549 U.S. 199, 223-24, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) (per curiam) (citing *Ahmed v. Dragovich*, 297 F.3d 201, 209 & n.9 (3d Cir. 2002)).

Magistrate Judge Carlson's finding that it would be improper to dismiss Williams' *Bivens* claims on exhaustion grounds will be adopted. As explained by Magistrate Judge

---

[1] In *Bivens*, the Supreme Court held that a plaintiff may obtain damages for injuries caused by a federal agent acting "under color of his authority" in violation of a claimant's constitutionally protected rights. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *Bivens* actions are the federal counterpart to § 1983 claims brought against state officials. *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (citing *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a *Bivens* claim against federal officials." *Schrob v. Catterson*, 948 F.2d 1402, 1409 (3d Cir. 1991).

Carlson, Defendants' assertion that their review of the SENTRY system records shows unequivocally that Williams did not exhaust his *Bivens* claims is unpersuasive. Indeed, in their brief in support of their motion, Defendants contended that Williams failed to exhaust his claims regarding both the October 2010 and January 2011 assaults. However, Magistrate Judge Carlson recognized that the documents submitted by Defendants indicated that Williams may have exhausted his remedies with respect to the January 2011 assault. Now, Defendants concede that the January 2011 assault claim was exhausted, despite their previous representations to the contrary. Yet, Defendants still insist that the records are undisputed that the October 2010 assault claim was not exhausted. I agree with Magistrate Judge Carlson that there is a genuine question at this time as to whether Williams exhausted his claim relating to the October 2010 assault. Moreover, Defendants' prior inaccurate representations that Williams failed to exhaust his claim regarding the January 2011 assault underscores the need to permit Williams to engage in discovery in this case. Defendants' motion for summary judgment based on failure to exhaust the October 2010 assault claim is premature, and the first objection to the Report and Recommendation will be overruled.

Defendants' second and third objections to the Report and Recommendation will be overruled because Williams adequately pleads claim concerning the October 2010 and January 2011 assaults. In order to state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must allege facts showing that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)). "'Deliberate indifference' is a

subjective standard under *Farmer*- the prison official- defendant must actually have known or been aware of the excessive risk to inmate safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). Additionally, to hold a supervisor liable because his policies or practices result in a violation of the Eighth Amendment, the plaintiff must identify a policy or practice that the supervisor failed to utilize and show that: "(1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Id*. at 134 (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). As summarized by the *Beers-Capitol* court:

> [T]o make out a claim of deliberate indifference based on direct liability (*i.e.*, insofar as the defendants are alleged to have known of and ignored the particular risk that Whetzel posed), the plaintiffs must meet the test from *Farmer v. Brennan*: They must show that the defendants knew or were aware of and disregarded an excessive risk to the plaintiffs' health or safety, and they can show this by establishing that the risk was obvious. For the plaintiffs' claims seeking to hold supervisors liable for their deficient policies, *Sample*'s four-part test provides the analytical structure for determining whether the policymakers exhibited deliberate indifference to the plaintiffs' risk of injury, it being simply the deliberate indifference test applied to the specific situation of a policymaker.

*Id*. at 135.

Magistrate Judge Carlson's finding that Williams adequately states claims for the October 2010 and January 2011 assaults will be adopted. As set forth in greater detail in the Report and Recommendation, Williams alleges more than threadbare recitals of the elements of the claims. Williams assets that he repeatedly asked to be moved from his cell, that he had been labeled as a "snitch," and that Defendants had been notified on multiple occasions that Williams felt he was in imminent danger and that his life and safety were being threatened by his cellmates. In light of the well-pled allegations in the Amended Complaint, Williams will be permitted to proceed with the Eighth Amendment failure to protect claims.

Defendants' final objection to the Report and Recommendation will also be overruled.

The Federal Tort Claims Act ("FTCA") "provides a limited waiver of the United States' sovereign immunity. *See Estate of Keating ex rel. Keating v. Coatesville VA Med. Ctr.*, 498 F. App'x 181, 184 (3d Cir. 2012.) The United States is subject to "liability for the torts of federal employees acting within the scope of their employment 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id*. (quoting 28 U.S.C. § 1346(b)(1)).

Nevertheless, "the FTCA is subject to a number of exceptions, including the discretionary function exception contained in § 2680(a)." *Terrell v. Hawk*, 154 F. App'x 280, 282 (3d Cir. 2005). Pursuant to the discretionary function exception, the Government retains sovereign immunity regarding "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The discretionary function exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808, 104 S. Ct. 2755, 81 L. Ed. 2d 660 (1984).

> To determine whether the DFE applies, courts employ a two-part test. First, a court must "consider whether the action is a matter of choice for the acting employee. This inquiry is mandated by the language of the exception; conduct cannot be discretionary unless it involves an element of judgment or choice." . . . Second, a court must determine whether the judgment exercised "is of the kind that the discretionary function exception was designed to shield." . . . This is because the DFE "protects only governmental actions and decisions based on considerations of public policy."

*Baer v. United States*, 722 F.3d 168, 172 (3d Cir. 2013) (quoting *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S. Ct. 1954, 100 L. Ed. 2d 531 (1988)). The plaintiff "'bear[s] the burden of demonstrating that [his] claims fall within the scope of the FTCA's waiver of governmental immunity,' while the government 'has the burden of proving the applicability

11

of the discretionary function exception.'" *Id*. at 172 (quoting *Merando v. United States*, 517 F.3d 160, 164 (3d Cir. 2008)).

Citing these principles, Magistrate Judge Carlson stated: "[c]ourts within this circuit and others have uniformly held that federal prisoners' FTCA claims for injuries by fellow inmates are barred by the discretionary function exception." (Doc. 25, 37 (citations omitted).) However, despite such authority, Magistrate Judge Carlson found that a decision on whether Williams' FTCA claims are barred should await some additional discovery and, if appropriate, a subsequent motion for summary judgment. Magistrate Judge Carlson specifically noted that Williams claims to have provided Defendants notice of his safety concerns, but the Lewisburg officials deny receiving such warnings from Williams. Magistrate Judge Carlson also emphasized that Defendants submitted declarations indicating that had they been presented with an inmate safety concern, the concern would have been referred for investigation. Significantly, these same officials also attested that if they were faced with an inmate safety concern, they would have re-assigned Williams to another cell.

I agree with Magistrate Judge Carslon that the unequivocal statements by Defendants demonstrate that dismissal of the FTCA claims at this time would be premature. In particular, declarations submitted by Defendants indicate "that if an inmate would have expressed concerns for his safety to me, either orally or in writing, I would have referred the claim to the Special Investigative Service for investigation and appropriate action. If there was an immediate safety concern I would have re-assigned the inmate to another cell." (Doc. 14, Exs. 5-8, ¶ 4.) These declarations indicate that a mandatory prison policy may have existed regarding responses to concerns expressed by inmates about their safety, and, as a result, Defendants have not satisfied their burden of establishing the applicability of the discretionary function exception. Therefore, based on the "confluence of the

12

plaintiff's allegations, the defendants' representations about their lack of notice, and their unequivocal assertions about the actions they would have taken if the plaintiff had provided the notice he alleged have created questions of fact that may ultimately bear upon the plaintiff's FTCA claims in this particular case." (Doc. 25, 40.)  Magistrate Judge Carlson's recommendation will be adopted, and Williams will be permitted to proceed with his FTCA claim.

## IV. Conclusion

For the above stated reasons, the Report and Recommendation will be adopted in its entirety and the motion to dismiss and for summary judgment will be denied without prejudice.  Defendants may file a properly supported motion for summary judgment after the parties have the opportunity to engage in discovery.  The matter will be recommitted to Magistrate Judge Carlson for further proceedings.

An appropriate order follows.


October 3, 2013 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge